**Arthur SHAPIRO, Plaintiff,**

**v.**

**Harold SMITH, et al., Defendants.**

**Civ. A. No. C-2-81-511.**

United States District Court,
S.D. Ohio, E.D.

Dec. 11, 1986.

James Simakis, Columbus, Ohio, Joseph F. Dillon, Raymond & Dillon, P.C., Detroit, Mich., for plaintiff.

Albert Ritcher, Asst. U.S. Atty., Columbus, Ohio, Patricia A. Scott, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## OPINION AND ORDER

GRAHAM, District Judge.

This matter is before the Court on the plaintiff's motion for reconsideration of the September 29, 1986 Order of the Magistrate which denies the motion for the substitution of the estate of the now deceased plaintiff as the party plaintiff herein. The Magistrate undertook to hear and determine this matter as a pre-trial motion pursuant to 28 U.S.C. § 636(b)(1)(A). However, since the practical effect of the Magistrate's ruling is case dispositive, the Court will treat this matter as though it had been referred to the Magistrate under 28 U.S.C. § 636(b)(1)(B) for report and recommendation and the Court will treat the Magistrate's Order of September 29, 1986 as a report and recommendation and will make a de novo determination of the issues presented as required by 28 U.S.C. § 636(b)(1)(C).

The issue presented is whether the cause of action created by 26 U.S.C. § 7217 which permits the recovery of damages for the wrongful disclosure of Federal Income Tax Return information, survives the death of the plaintiff. After due deliberation, this Court is of the opinion that the statute was designed to protect the personal privacy rights of the victim and that accordingly once the victim dies the primary reason for providing the remedy is gone. The Court feels that this case should be governed by the general rule that actions for invasion of privacy rights do not survive the death of the injured party. The Court rejects the plaintiff's argument that Congress intended the cause of action to survive in order to act as a deterrent to those inclined to violate § 7217. Congress enacted separate sanctions in the form of criminal penalties in order to deter such conduct. See: 26 U.S.C. § 7213(a).

Finally, the Court is not persuaded by plaintiff's argument that the statute was intended to protect property rights as well as personal rights and that accordingly the cause of action should survive insofar as it seeks to enforce property rights. The Court believes that the statute was intended to protect only the victim's right of privacy. The Court notes parenthetically that Mr. Shapiro did not attempt to claim any damage to his property rights when he filed his original complaint herein. No special damages were alleged as required by

Rule 9(g) F.R.C.P. but even if he had attempted to do so, the Court is of the firm opinion that the cause of action provided by 26 U.S.C. § 7217 is personal and does not survive the death of the victim.

The Court believes that the Magistrate correctly analyzed the issues in his "Order" of September 29, 1986 and the Court hereby adopts the Magistrate's reasoning as set forth therein. Accordingly, the motion to substitute the estate of Arthur Shapiro as the party plaintiff herein is DENIED.

Inasmuch as the Court's ruling on the present motion amounts to a determination that there is no longer a proper party plaintiff entitled to pursue the cause of action set forth in the original complaint, the Court hereby renders judgment on the pleadings in favor of the defendants and this action is hereby dismissed at plaintiff's costs.