**Martin L. SCHACHTER and David S. Karp, Plaintiffs,**

v.

**UNITED STATES of America, Internal Revenue Service and Special Agent Thomas Lavin, Does I Through X, Defendants.**

Nos. C–93–0213–DLJ, C–93–0214–DLJ.

United States District Court, N.D. California.

Dec. 10, 1993.

Martin A. Schainbaum, Martin A. Schainbaum, Prof. Law Corp., San Francisco, CA, for Martin L. Schachter.

Jay R. Weill, Thomas F. Carlucci, U.S. Attorney's Office, Tax Div., San Francisco, CA, for U.S.

**ORDER**

JENSEN, District Judge.

On December 1, 1993, the Court heard defendants' motion to dismiss and plaintiffs' motion for substitution. William Sidney Smith of Smith, Wimer, Scalise of Des Moines, Iowa appeared for plaintiff Karp. Martin A. Schainbaum appeared for plaintiff Schachter and Assistant United States Attorney Thomas F. Carlucci appeared for defendants. Having considered the papers submitted, the arguments of counsel, the applicable law, and the entire record herein, the Court GRANTS plaintiffs' motion for substitution and DENIES defendants' motion for dismissal, for the following reasons.

## I. BACKGROUND

Plaintiff David S. Karp filed suit on January 20, 1993. The claim was for money damages based upon 26 U.S.C. § 7431 which prohibits certain unauthorized disclosures of taxpayers' tax return information. Karp and his partner, Martin L. Schachter, have alleged that a special agent of the Internal Revenue Service named Thomas Lavin improperly disclosed that they were under criminal investigation.

Plaintiffs alleged that special agent Lavin caused 542 letters to be mailed to customers of a partnership owned by the plaintiffs. It is argued that special agent Lavin improperly hand typed the words "Criminal Investigation Division" at the top of the circular letter.

On May 30, 1993, plaintiff Karp died. On September 8, 1993 a motion for substitution of decedent's estate as plaintiff was filed and on November 2, 1993 the United States filed a motion to dismiss. Defendants oppose substitution by plaintiff and contend that this action must be dismissed because it cannot survive plaintiff's death. Both the substitution and dismissal motions are at issue herein.

## II. DISCUSSION

The statute in question, 26 U.S.C. § 7431(a)(1) provides that where an officer of the U.S. government discloses taxpayer in-

formation in violation § 6103, such a taxpayer "may bring a civil action for damages against the United States" in district court. The dispute here is over the survival of such an action.

Defendants and plaintiffs agree that the law makes no explicit mention of whether an action can survive the death of a taxpayer. U.S. Motion to Dismiss at 2; Plaintiff Mem. in Opposition at 3. Defendants also concede that the "legislative history fails to squarely address this issue." U.S. Motion to Dismiss at 2–3. Plaintiffs contend such an action survives. Defendants argue it should not. The relevant arguments are considered in turn.

### A. *Applicability of State Survival Rules*

Defendants argue that the case can be analogized to the general principles of tort law. Defendants assert that the remedies Congress created in § 7431 "are almost identical" to the tort of "public disclosure of embarrassing private facts about plaintiff." U.S. Motion to Dismiss at 3. As with a personal tort, defendants argue this statute was not intended to survive plaintiff's death. Defendants cite *Lugosi v. Universal Pictures,* a case decided by the California Supreme Court, for the proposition that a right to privacy is personal and "does not survive but dies with the person." 25 Cal.3d 813, 821–22, 160 Cal.Rptr. 323, 603 P.2d 425 (1979).

Plaintiffs argue that state common law is not binding on this court in interpreting a federal law. Plaintiffs suggest that a close examination of the language of the statute in question demonstrates that the federal legislature intended an outcome different from that indicated by the standard tort doctrine cited by defendants. A clear demonstration of legislative intent, would of course, control. Accordingly, the Court has examined the evidence that a right of survival can and should be found in the statute.

### B. *Right of Survival Under § 7431*

The Court finds that strict analogies between the common law of tort and the statutory right created in § 7431 are misleading. Plaintiffs accurately note that all taxpayers, not just individuals, can sue under § 7431, while under tort law a corporation or association has no right to privacy. Plaintiff Mem. in Opposition at 5. This qualifies the statutory right as a property interest which should survive death. Plaintiffs note further that the statute provides for "actual" damages, an indication that property rights were to be taken into account. The Court also observes that defendants' position could lead to the illogical result where plaintiff Schachter could recover 50% of the damages to the partnership while Karp's estate could recover nothing.

Finally, there are legislative indications that the statute was intended to aid in enforcement of "confidentiality rules." Joint Committee on Taxation Explanation, P.L. 94–455, pp. 344 (Dec. 29, 1976) (describing § 7217 the predecessor provision to § 7431.)[1] It is clearly a reasonable goal of the statute to attempt to discourage behavior such as that alleged here, the tactic of governmental intimidation through disclosure. Allowing a right of survival is in keeping with advancing this legislative aim.

The government relies heavily upon the only court to have considered the question. In *Shapiro v. Smith,* a magistrate's order adopted by the court concluded that a similar action would not survive. 652 F.Supp. 218 (S.D.Ohio 1986). Although it acknowledged that insuring the effectiveness of the system was a goal of the provision, that court found that the statute's "primary thrust is to protect an individual's reasonable expectation of privacy." Magistrate's Order at 2. Even accepting this analysis as complete, it does not explain why a secondary purpose of the statute should not be advanced by permitting a right of survival. Moreover, that court did not consider why the federal law would allow for actual damages and for entities to recover. Thus, the argument that plaintiffs' put forward here, that the provision was intend-

---

1. The newer provision, § 7431, differs slightly from § 7217 in that it applies to disclosures made after September 3, 1982 and allows for recovery against the United States.

ed to be a property interest that survived death, was not previously resolved. Finally, plaintiff observes that while § 7431 is intended to protect business and professional injury, the *Shapiro* court relied only upon the underlying intent of § 6103. Accordingly, *Shapiro* is not controlling here.

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's motions for substitution is GRANTED. Therefore, Marcia Karp, Administrator of the Estate of David S. Karp, deceased, is substituted as Plaintiff for David S. Karp in the above-entitled case.

2. Defendants' motion for dismissal is DENIED.

3. A new status conference is scheduled for February 2, 1994 at 8:30 a.m. The Court notes the participation of counsel from outside this area, if counsel wish for the conference to be conducted by telephone such a request must be made by January 26, 1994.

IT IS SO ORDERED.