Martin L. **SCHACHTER,** and Marcia **Karp,** Administrator of the Estate of David S. **Karp,** deceased, Plaintiffs,

v.

**UNITED STATES** of America, Defendant.

Nos. C–93–0213–DLJ, C–93–0214–DLJ.

United States District Court,
N.D. California.

Sept. 2, 1994.

**1274**

Martin Schainbaum, San Francisco, CA, for plaintiff Schachter.

William Sidney Smith, Smith, Wimer, Scalise, Des Moines, IA, for plaintiff Karp.

Thomas F. Carlucci, Asst. U.S. Atty., Washington, DC, for defendant U.S.

## ORDER

JENSEN, District Judge.

On May 25, 1994, the Court heard plaintiffs' motions for summary judgment, and defendant's motion for summary judgment. Martin Schainbaum appeared for plaintiff Schachter, and William Sidney Smith of Smith, Wimer, Scalise in Des Moines, Iowa, appeared for plaintiff Karp. Assistant Unit-ed States Attorney Thomas F. Carlucci appeared for the defendant United States of America. Having considered the papers submitted, the arguments of counsel, the applicable law, and the entire record herein, the Court DENIES plaintiffs' motions for summary judgment and GRANTS defendant's motion for summary judgment, for the following reasons.

## BACKGROUND

Plaintiffs David S. Karp and Martin Schachter each filed a complaint on January 20, 1993. The claims were for money damages based upon 26 U.S.C. § 7431 which prohibits certain unauthorized disclosures of taxpayers' tax return information. Karp and his partner, Schachter, alleged that Thomas Lavin, a special agent of the Internal Revenue Service, improperly disclosed that plaintiffs were under criminal investigation.

Plaintiffs alleged that on or about January 24, 1991 special agent Lavin caused 542 letters to be mailed to customers of a partnership owned by the plaintiffs. Hand typed at the top of the circular letter were the words "Criminal Investigation Division."

On May 30, 1993, plaintiff Karp died. On September 8, 1993 a motion for substitution of decedent's estate as plaintiff was filed and on November 2, 1993 the United States filed a motion to dismiss. Defendants opposed substitution by plaintiff and contended that this action must be dismissed because it could not survive plaintiff's death. On December 10, 1993 the Court filed an order granting plaintiffs' motion for substitution and denying defendants' motion for dismissal, 847 F.Supp. 140.

Each party brought motions seeking summary judgment in the matter.

## DISCUSSION

Two statutory provisions must be applied to the issue at hand. Taxpayers are entitled to damages under 26 U.S.C. § 7431 "if any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information with respect to a taxpayer in violation of any

provision of section 6103 ..." The section referred to, Title 26 U.S.C. § 6103(k)(6), provides that:

> an internal revenue officer or employee may, in connection with his official duties relating to any audit, collection activity, or civil or criminal tax investigation or any other offense under the internal revenue laws, disclose return information to the extent that such disclosure *is necessary in obtaining information, which is not otherwise reasonably available* ... Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation. [Emphasis added].

Finally, it is relevant that 26 U.S.C. § 7431(b) also provides that "[n]o liability shall arise under this section with respect to any disclosure which results from a good faith, but erroneous, interpretation of section 6103."

Accordingly, three basic issues present themselves in this matter. First, whether the letters in question disclosed plaintiffs were under investigation by the Criminal Investigation Division. Second, if there was disclosure whether that disclosure was necessary and so authorized by 26 U.S.C. § 6103, and finally whether special agent Lavin's actions were a good faith but erroneous interpretation of § 6103. The Court considers the questions in turn, initially describing the legal standard for application of summary judgment.

**A. *Legal Standard for Summary Judgment***

Under Rule 56(c) of the Federal Rules of Civil Procedure, a district court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

Recognizing that summary judgment motions can contribute significantly to the resolution of litigation when there are no factual issues, the Supreme Court and the Ninth Circuit have established the following standards for consideration of such motions: "If the party moving for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrates the absence of any genuine issues of material fact," the burden of production then shifts so that "the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, '*specific facts* showing that there is a genuine issue for trial.'" *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987) (quoting Fed.R.Civ.P. 56(e) (emphasis added) and citing *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103–04 (9th Cir.), *cert. denied*, 479 U.S. 949, 107 S.Ct. 435, 93 L.Ed.2d 384 (1986) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)). With respect to these specific facts offered by the non-moving party, the court does not make credibility determinations or weigh conflicting evidence, and is required to draw all inferences in a light most favorable to the non-moving party. *T.W. Elec. Serv.*, 809 F.2d at 630–31 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

Rule 56(c) nevertheless requires this Court to enter summary judgment, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient: "[T]here must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). This Court thus applies to either party's motion for summary judgment the same standard as for a motion for directed verdict: "[W]hether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.*

### B. Whether the Letters Disclosed Plaintiffs Were Under Investigation by the Criminal Investigation Division

■ This issue cannot be in serious dispute. Special Agent Lavin caused 542 form letters to be mailed to customers of Cal–Ben, a partnership owned by plaintiffs. Each of these letters was issued on preprinted letterhead to which the identifier "Criminal Investigation Division" was added by typewriter. The body of the letters stated that "we are conducting an investigation of the tax liabilities of Martin L. Schachter of Hayward, California and David S. Karp of San Leandro, California."

A common sense reading of the information contained in the letter would combine the information that the letter was sent by the Criminal Investigation Division, identified as "we" in the letter, and the word "investigation" to produce a conclusion that a criminal investigation is being referenced. Defendant suggests that this requires inference and is "connecting the dots." U.S.Memo. in Opp. at 2. However, the inference required here is minimal.

In *Diamond v. United States,* the Eighth Circuit noted that where an agent identified himself in the signature block of a circular letter as a member of the Criminal Investigation Division, a disclosure of return information took place. 944 F.2d 431, 434 (8th Cir. 1991) ("The Code expressly defines return information as meaning 'whether the taxpayer's return was, is being, or will be examined or subject to other investigation.' 26 U.S.C. § 6103(b) (1988)"). Beyond a conclusory statement that it finds *Diamond* to be wrongly decided, the government gives no reason why the Court should not accept that disclosure of information took place.

### C. Whether the Disclosure was Necessary and Was Authorized by 26 U.S.C. § 6103

Defendant asserts that the disclosure was "necessary" under 26 U.S.C. § 6103. Defendant suggests that the phrase "necessary" does not mean it was absolutely required, only that it would be appropriate or helpful. U.S.Memo. In Opp. at 5. Here, defendant suggests that the disclosure was helpful, in-

ter alia, in delivery of the mail, identification of the agent, and in encouraging forthrightness by the agent and respondent. The defendant notes that in personal interviews, the special agent would have been required to identify himself, including the division for which he worked.

■ However, defendant's position is not convincing. Lavin sent the letters assertedly in an attempt to determine the nature of checks deposited in a bank account. U.S.Mem. for Summ.Jud. at 4. The government offers no reason why the disclosure was necessary to determine whether the checks were in fact sales revenues of Cal–Ben. *Id.* Defendant's arguments regarding promotion of forthrightness and proper mail delivery appear to be post hoc rationalizations that lack merit. For instance, the self-addressed return envelopes were marked simply "CID", apparently sufficient identification to allow the mail to be returned to the proper person. Plaintiff's Statement of Fact 12. Further, the new *Handbook for Special Agents,* amended on June 12, 1992, provides that "neither the signature block nor the ancillary heading of the letter should contain the words 'Criminal Investigation Division.' The heading and return address may contain the necessary symbols for the letter to be returned to the special agent." Exhibit L, *Handbook* at 9781–111. It is difficult to accept defendant's argument that the disclosure was therefore "necessary."

This conclusion is similar to determinations in other courts. In *Calhoun v. Wells,* the court found:

> "[t]he information sought by said letters could have been obtained equally well and with far less damage to the plaintiff if the recipients of those letters had been simply been advised that the Internal Revenue Service was conducting an investigation of the plaintiff's income tax liabilities for the years 1974, 1975, and 1976." 80–2 U.S. Tax Case 9643, 1980 WL 1637 (DC SC.1980).

Similarly, in *Diamond,* the court found that the agent need not have disclosed that Diamond was under criminal investigation. 944 F.2d at 435. Defendant points out that in

*Slater v. United States,* a court in this district found that a similar disclosure was "authorized by 26 U.S.C. § 6103(k)(6)." C–92–20257 JW, Order of November 3, 1993 at 4. There is no indication in the *Slater* Order why the disclosure in that case was necessary. The opinion does indicate that the *Handbook for Special Agents* formerly authorized such disclosure. However, the fact that the Handbook authorized the disclosure would seem to be pertinent to the good faith nature of the agent's behavior, not to whether it was "necessary."

### D. Whether the Disclosures Were a Good Faith But Erroneous Interpretation of 26 U.S.C. § 6103

■ In determining whether an agent has behaved in "good faith" courts have adopted an objective standard, examining "whether a reasonable IRS agent would have known of the rights provided by these sections [6103 and 7431], and of his own agency's applicable regulations and internal rules." *Huckaby v. United States,* 794 F.2d 1041, 1048 (5th Cir. 1986). The court in *Slater* applied the same standard and noted the outcome in *Diamond:* C–92–20257 JW, Order of November 3, 1993 at 5 (noting that *Diamond* held that despite the improper use of "Criminal Investigation Division", the good faith defense merited summary judgment for government).

■ Here, the applicable Internal Revenue Manual, § 347.2, recommended that special agents state that the taxpayer was "under investigation" and instructed that the ancillary heading of the letter should read "Criminal Investigation Division" and that the signature block should read "Special Agent, "Criminal Investigation Division". The Manual also instructed special agents to identify themselves in personal interviews by showing their badge and credentials. Given this set of instructions, and the ambiguity inherent in the statute itself, a reasonable special agent would not have known that he should not disclose the information at issue here.

Plaintiffs' complain that special agent Lavin should have been more aware of recent district court cases, and should have familiarized himself with the relevant statutory provision. However, the law at the time the letters were sent was far from settled. While courts have split on whether use of the identifier "Criminal Investigation Division" is necessary and authorized under the statute, all courts faced with a situation similar to that encountered here have agreed that such disclosures have been made in good faith.[1] This was the result reached in *Slater, Supra,* and the *Diamond* case, which was decided *after* Lavin sent the letters in question. 944 F.2d at 435–437 (decided by the Eighth Circuit in 1991).

Plaintiffs' other arguments on this matter are unavailing. While Lavin deviated slightly from the handbook's suggestion, using the phrase "we" rather than "Internal Revenue Service", such a variation does not indicate he lacked good faith.

Plaintiffs also assert that circular letters are improper and the issue is therefore not ripe for summary judgment. Plaintiffs seek to depose officials in Washington D.C. who drafted the manual provision on circular letters. Plaintiff Schachter argues that the government's use of circular letters circumvented statutory summons procedure. Defendant points out that courts in this district have previously rejected this argument. In *Emory W. Speck, et al. v. United States,* the Court noted, inter alia, that plaintiffs reading of the statute is not in keeping with statutory construction or based on solid policy grounds. CR–93–0017–MISC–VRW, 1993 WL 477938.

Accordingly, summary judgment is GRANTED to defendant.

### III. CONCLUSION

For the foregoing reasons, the Court:

1. DENIES plaintiffs' motions for summary judgment.

---

1. For a contrasting factual situation see, for instance, *Heller v. Plave,* where the agent in question stated he was "out to get" plaintiff and flaunted any reasonable reading of applicable guidelines and laws. 657 F.Supp. 95 (S.D.Fla. 1987).

2. GRANTS defendant's motion for summary judgment.

IT IS SO ORDERED.